Mr. Justice Richaedson
delivered the opinion of the court.
We have to inquire, whether Jeremiah D. Yates is constitution-' ally and legally, entitled to the office of sheriff of Charleston district 1
The facts of the case are unequivocal. On the 14th and 15th' 6f January, 1836, the respondent was duly elected sheriff of the district; and on the 29th of January, presented his bond, for the" performance of his official duties.
This bond had been certified; and the sureties of Yates, approved by the commissioners, appointed for such purposes. But' the form of the bond, not being approved by the Attorney Gene-' raí, the treasurer refused to accept it. Upon this non-acceptance1 of the treasurer, after having tried to procure a Writ of Manda. tints, in order to require the Attorney General to approve the form of the bond, and failing in his morion, Yates executed another bond, as of the same date ; which being duly certified, by the cornmis. sioners, was also approved by the Attorney General, and accepted" by the treasurer, on the 12th February. And thereupon, Yates ,en»' tered upon the duties and privileges of the sheriff of Charleston-district, on the 24th of March following.-
Both bonds were under the penalty, and in the condition and duy *258 form of law. But the bond presented, on the 29th of January, had the following words, annexed to the names of some of the bondsmen, "who had subscribed, as the sureties of the sheriff, i. e. “ For twenty.five hundred dollars, pro rata with the other co-obli-gors on this bond.” And the Attorney General had declined approving of that bond, on account of such words being annexed ; apprehending, no doubt, that such terms might alter the liability of •the sureties, from the legal condition, set forth in the body of the bond.
By the act of 1795, p. the sheriff elect, is required to give bond and security, within three weeks after his election ; or, in default, to vacate his office. And the objection to the respondent, holding his office, is, that the bond tendered on the 29th of January, was not in form of law, by reason of the terms annexed to the signatures of some of the sureties ; nor approved by the Attorney General, nor accepted by the treasurer.
And as to the second bond, tendered and accepted, on the 12th of February, although in due form, yet not being tendered or accepted, within three weeks after the election, Yates cannot hold the office, by virtue of it. Because the office had, at that time, been already vacated.
It will be seen, at once, that if the bond tendered, on the 29th of January, was in legal form ; it ought to have been approved by the Attorney General, and accepted by the treasurer ; and if it had been so approved and accepted, then Yates must have been entitled to the office.
This statement brings us to the proper questions to be decided.
1. Was the bond tendered, on the 29th of January, in due form, or not 1
2. If that bond was in due form, so as to leave the office unva-cated, then does the bond, accepted on the 12th of February, constitute the previous security required of the sheriff elect; and thereby, still uphold Mr. Yates in his office ?
As to the first question, was the bond of the 29th of January, in due form ?
The objection to the form, is, that the terms annexed to the signatures of some of the bondsmen, would confine the liability of those bondsmen, to $2,50 0 ; or, the aliquot part of the penalty, of $50,000 ; whereas, the act of 1829, was intended to make each security, as well as the principal, liable for the whole amount of the penalty.
Let us admit, that the terms annexed to the signatures, would *259 operate to confine the respective amounts, for which the sureties ought to have been bound, to §2,500. And the question will then be, do not these terms still amount to no more than the harmless expression, of what the law really requires of the sureties ; and that, therefore, such terms, make no difference, in the condition of the bond.
The act of 1795, enacts, as follows :
2 Brevard, p. 217, &c. “ And the persons, who shall be approved of, and join as securities,” &c. “ shall severally, be held,” &c., “ each, for his equal part of the whole sum, in which thé bond is given,” &c., “ and no more than such equal part, shall, in any court be recoverable of, or from any one of the said securities,” &c.
This enactment is too plain, to be questioned. The words, annexed to the signatures, express the true liability of the sureties ; and are as harmless, as if the sureties had informed us, in the same manner, that they were not to be liable, at all, until a return of “nulla bona” against Jeremiah D. Yates, which is provided, in the next page of the same act; which, if annexed to the names of the bondsmen, would amount to an immaterial superfluity.
But on this head, it is further urged, that by the act of 1829, p. 21, the form of the sheriff’s bond is adopted : and inasmuch, as the act requires a joint bond of the officer and his sureties, it follows, that every bondsman is liable for the whole penalty ; and by adopting such a form, the clause of the act of 1795, before quoted, is virtually repealed. The answer to this objection is very simple. There is no repeal of the former act. Such a repeal would be by mere implication, which ought not to take place ; unless there be an irreconcilable incongruity between the two acts ; but such incongruity does not appear.
The act of 1829, prescribes the form of the bond, to be given by all public officers ; but leaves the liability of the bondsmen, precisely as it stood. The two acts are consistent, and stand well together.
But again, it is argued, that the Attorney General did not approve of the form of the bond.
The act of 1820, p. 42, enacts, &c. “ That every bond, to be hereafter given, by any public officer,” &c., &c„ “ shall previously to its being accepted or recorded, be examined by the Attorney General,” &c., &e,, “ who shall certify in writing, on the buck thereof, that he approves of the form of the said bond ; without which certificate, no such bond shall hereafter be accepted.” This enactment plainly prohibits the treasurer from accepting the bond, before *260 the form of it, shall have been approved of by the Attorney General. But no forfeiture of the office is consequent upon the non-approval. The forfeiture still depends upon the act of 1795; and turns upon the neglect to give the bond, with approved securities, within three weeks after the election of the claimant. This will be seen more directly, hereafter,
But is further argued, that inasmuch as the treasurer did not accept of the bond, within three weeks of the election, Yates could not enter upon his office. 2 Bailey. 216 — 17.
By the act of 1795, (2 Faust, 8,}.it is enacted, “ That the persons who shall be hereafter elected to the office of sheriff,” &c., shall within thre.e weeks,” <&o., “ enter into a bond,” &c., “ payable to the treasurers,” “ which bonds shall be executed by the said sheriffs respectively ; and any number of securities, not exceeding twenty, nor less than five, which securities, before they aro accepted, or received, by the treasurer, shall be approved of, in writing, by the commissioners, in manner hereinafter directed ; who are-hereby severally authorized, and required, to consider and determine, in their several districts, respecting the competency of the several persons, to be offered by the sheriffs for the purposes aforesaid.”
What is hare required of the sheriff elect? He is required, to enter into bond to the treasurer, with securities to be approved of by the commissioners, before they shall be accepted by the treasurer. And the sheriff must give such bond and securities, within the three weeks succeeding the election.
The act then goes on to enact as follows : “ And no person to be elected, or appointed to the office of sheriff, shall be permitted, by the judges, to enter upon the execution of his office, until he has recorded in the office of the clerk,” &c., &c., « a certificate from the commissioners,” &c., “ that such sheriff hath duly executed, and lodged in the treasury, such bond, with such security, as is required by this act.”
This enactment does no more than suspend the sheriff, in the execution of his office, until he should have recorded in the office of the clerk, the certificate required. But his office is not vacated by the omission, or delay to record the certificate.
After the foregoing enactment, the clause of forfeiture follows, jn these words:
“ And if any person, so to be elected, or appointed, as aforesaid to the said office, shall fail to provide and perfect the security, *261 within the time required by this act, the office of such sheriff shall be, and is, hereby, declared to be vacated.”
Upon this enactment, we are to ask, what is the condition upon which the office may be claimed, and what is the cause of the forfeiture ?
The condition precedent to the title of the sheriff elect, to enter upon his office, is, that he shall have entered into the bond, together with such securities, as the commissioners have affirmatively approved of, within three weeks of his election. And the cause of forfeiture, is the omission to give such bond, with such security, within the prescribed time.
It follows, therefore, that the moment the commissioners had, on the 27th of January, 18S6, certified upon the bond of Jeremiah D. Yates, their approval of the sureties offered, he had provided, and in the language of the act, perfected the security required ; and his title to the office attached, at that moment.
The non-approval of the Attorney General, or non-acceptance •of the treasurer, like the delay of recording the certificate of the commissioners with the clerk, are merely reasons for a postponement of the practical duties, and privileges of the office.
They occasion unavoidable delay ; but do not vacate the office.
From these premises, we may fairly conclude, that the respond» ent did fulfil the conditions of office, as required, by the act of 1795, and in due time. That the Attorney General might well have approved of the form of the bond, and the treasurer to have accepted it. And that, therefore, the office has not been vacated, by the non-approval of the one; or the non-acceptance of the other,
But the second inquiry, remains to be answered.
Mr. Yates executed another bond, of the same date, with the former, and in due form of law, had it properly certified, and approved. This bond was accepted by the treasurer, on the 12th of February, 1836 ; which was after the prescribed time of three weeks.
Can this second bond be a fulfilment of the condition of giving bond, within three weeks of the election ?
The answer must have been anticipated-, from the principle already considered.
No matter, when this second bond was accepted, if the acceptance was before Yates entered upon his office. It is a good bond, both at common law, and under the act of 1795. It binds the bondsmen, from the time of acceptance, and fulfils the condition of giving security, for the faithful discharge of the duties of the sheriff’s office : provided, Mr. Yates can hold the office legally.
*262 On this head, the argument, is, that the bond presented on the 29th of January, is as no bond ; because, unaccepted by the treasurer, who could not accept it, before the approval of the Attorney General.
Let this be granted; yet still the question is, has Tates incurred the forfeiture; not by reason of his own omission to enter upon bond, which under the act is .the only cause of forfeiture, but by the omission of another officer.
In a word, can Yates incur the penalty, by doing, in proper form, and in time, the very act; the omission of which act, in form and time, would be the cause of forfeiture ?
If Yates had persevered in tendering no other bond, but the first, he must have obtained his office, notwithstanding the delay occasioned by the non-acceptance. And his tender, and the acceptance of the second bond, in lieu of it, cannot lessen his right to the office, which had attached by reason of the tender of the first bond.
A question may possibly az-ise, whether he has not gave double security, i. e. by the first, as well as the second bond.
But in fact, he did tender a proper bond within three weeks ; and in fact, he has since given the security required by the act; which has been accepted.
The only evidence of Yates’ neglect to give bond in time, is merely ostensible. The treasurer did not accept it; but there was no neglect, or omission on the part of Yates. And if the mere non-acceptance of the treasurer, in due time, could bring the forfeiture upon Yates, then, any such delay or mistake of that officer, whether involuntary, or wilful, hostile, or excusable, would oust the successful candidate, and supercede the election.
Such a consequence, would of itself, constitute a strong argument against the appeal to this court. But the decision turns upon the act of 1795. Its letter was fulfilled by Yates, when he tendered the first bond in proper form, on the 29th of January ; and his right attached. The spirit and object of the act, was answered and satisfied, when the treasurer accepted a proper and legal bond, in lieu of the former bond, on the 12th of February. This enabled Yates to enter practically upon the right which had attached, on the 29th of January, by virtue of the tender of the first bond ; and Yates is, therefore, legally and constitutionally sheriff of Charleston district.
J. S. RICHARDSON.
J. L. Wilson and Wit. Lance, for the motion.
Attokney General and Richard Yeadon, Jr. contra.
Filed 20th February, 1837.
We concur,
RICHARD GANTT,
JOSIAH J. EVANS,
JOHN B. O’NEALL,
A. P. BUTLER.